Howell, Judge,
delivered the opinion of the court.
■ Plaintiffs, citizens and residents of the Philippines, sue to recover funds and supplies, requisitioned by a recognized guerrilla unit during the period of Japanese occupation of the Philippines.
Plaintiffs’ petition was filed in this court on December 31, 1952, and defendant has filed a motion to dismiss on the ground that the claim therein asserted is barred by the statute of limitations because the petition was not filed within *550 six years of September 2, 1945. Marcos v. United States, 122 C. Cls. 641.
Plaintiffs allege that because the advances made and the supplies requisitioned were upon the understanding that they would be repaid by the United States at the conclusion of the war, no cause of action accrued in plaintiffs’ favor until payment became due and was refused by the Army Claims Service, considerably less than six years prior to the filing of the petition in this court. Plaintiffs further urge that in any event, the surrender of the Japanese on September 2, 1945, did not mark the end of hostilities in World War II and therefore did not operate to lift the suspension of the statute of limitations on claims accruing prior to that date during the Japanese occupation of the Philippines.
Both contentions urged by plaintiffs herein were considered and disposed of adversely to plaintiffs’ positions in our decision this day issued in the case of Alfredo C. Sese v. United States, ante, p. 526.[1] Accordingly, plaintiffs’ petition is dismissed.
It is so ordered.
Madden, Judge; Whitakee, Judge; Littleton, Judge; and Jones, Chief Judge, concur.

 In Its brief in' opposition to defendant’s motion to dismiss, plaintiff has referred us to a case not discussed in the Sese decision, supra. In Ludecke v. Watkins, 335 U. S. 160 the issue was whether the President’s summary war power, under the Alien Enemy Act, to order the removal of alien enemies from the U. S. wherever there was a declared war, survived the cessation of actual hostilities. A. similar problem, involving the survival of war powers* was present in the case of Hamilton v. Kentucky Distilleries, 251 U. S. 146, reliéd on by plaintiff in the Sese case and discussed in our decision in that case.